UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA   )
          Plaintiff        )
                           )  Cr. No. 05-10146-JLT
     v.                    )
                           )
MOISES VIERA               )
          Defendant        )
_____)
```

**SENTENCING MEMORANDUM OF DEFENDANT VIERA PURSUANT TO F.R.Cr.P. RULE 32(a)(C) and 18 U.S.C. § 3553(a)**

*It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.*

     United States v. Koon, 518 U.S. 81, 113 (1996)


This memorandum is being submitted to assist this Honorable Court in its determination of the most appropriate sentence for Mr. MOISES VIERA under all of the provisions of 18 U.S.C. § 3553(a).

## FACTS

(THAT WHICH BROUGHT MR. VIERA BEFORE THIS HONORABLE COURT)

On May 13, 2005, the United States government filed a complaint against Moises Viera alleging that on 11/18/04, 12/21/04 and 2/3/05 he had knowingly transferred an

1

identification document, authentication feature, or a false identification document knowing that such document or feature was stolen or produced without lawful authority in violation of Title 18 United States Code §1028(a)(2).  Mr. Moises Viera admits that the allegations contained therein, which refer specifically to him, are true.  Therefore, Mr. Viera presents himself to this Honorable Court and admits to Count One of the information filed by the government on or about June 8, 2005.  Mr. Viera admits to transferring a total of seven sets of identification documents.

## SENTENCING REQUEST

In the post United States v. Booker 543 U.S. __, 125 S. Ct. 738 (2005) and Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004) world this Honorable Court is free to look at **all** the factors of 18 U.S.C. § 3553(a) in imposing a "reasonable sentence"  that is "sufficient, but not necessary to comply with the purposes set forth [ in this provision greater than ]." While § 3553(a)(4) requires the Court to consider the Guideline ranges, "it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)." *Booker,* Breyer, J. 125 S.Ct. at 757.

This sentencing approach is consistent with the view that was expressed by Justice Kennedy in his 2003 speech to the American Bar Association when he openly commented on the unfair severity of federal sentences: "Our resources are misspent, our

punishments too severe, our sentences too long....In the federal system the sentencing guidelines are responsible in part for the increase in prison terms....The Federal Sentencing Guidelines should be revised downward..."

Consistent with the sentiment expressed above and the reasons stated herein, Mr. Vieira requests that this Honorable Court consider a **time served** sentence for the crime charged.  Mr. Vieira has been in custody in this matter since approximately May 19, 2005.

## MR. VIEIRA'S BACKGROUND

Mr. Vieira is a healthy, 27 year old (DOB 3/27/78) immigrant from Brazil, with **no prior criminal convictions**.   He is the oldest of five children born to the union of Gilmar Moreira Vieira and Maria Isabel Felisberto Vieira.  Mr. Vieira legally entered the United States on February 27, 1999 through New York. Mr. Vieira's immigration number is A 096 416 606. Upon his entry into the United States, Mr. Vieira came directly to Massachusetts where he had some familial support.  Mr. Vieira settled in Everett and five years later moved to Woburn with his then fiancé.  Throughout his time in Massachusetts Mr. Vieira worked part time in the pizza industry while dedicating himself to presenting real estate opportunities in Brazil to Brazilians here in Massachusetts.  As a non U.S. citizen a conviction for the offense charged subjects Mr. Vieira to deportation.  Mr. Vieira

desires to return to Brazil where his immediate family awaits his homecoming. Mr. Vieira, if allowed, would voluntarily, immediately depart upon his release from custody.

**THE SENTENCING FACTORS**

1. *The nature and circumstances of the offense*, 18 U.S.C. § 3553(a)(1).

Mr. Vieira candidly admits his involvement at an early stage of the proceedings and pleads to the information filed by the government without a plea agreement. Mr. Vieira faces a maximum penalty of fifteen years for the knowing transfer of false identification documents. He admits that from November 16, 2004 through February 3, 2005 he knowingly transferred 7 false identification documents. This is not a crime of violence nor related to a drug offense.

Prior to and during this incident, Mr. Vieira was a hard working individual. He is ashamed that his desire to increase his income led him to participate in criminal activity. A matter which he still needs to explain to his family.

The number of documents transferred during a three month period of time was minimal (7 documents). Although this does not diminish the fact that a crime was committed, it should be considered by this Court to be a low level offense.

2.   *The history and characteristics of the defendant .*

Mr. Vieira comes from a hard working family.  His father is a farmer and his mother works in the clothing industry.  Mr. Vieira is dismayed by the sorrow caused to his family by his thoughtless actions.

Mr. Vieira has the equivalent of a high school degree.  He is young and desires to continue with his education, an education outside of the Federal Bureau of Prisons.  Prior to his incarceration at Plymouth House of Corrections, he had never been detained.  In addition, he understands that his deportation as a result of this conviction is imminent. It is also most likely that pending his deportation he will be held at Plymouth or another correctional institution.

3.   The need for the sentence "to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense," adequate deterrence, and to protect the public.

Mr. Vieira has been held since at least May 19, 2005.  He is not a likely candidate for recidivism and looks forward to returning to Brazil and to working with his father.  For a young man such as Mr. Vieira being barred from the United States is a significant punishment.  Mr. Vieira understands the seriousness of his actions and the potential consequences of the same.  Mr. Vieira's six month detention/imprisonment at Plymouth has been

harsh and significant.  Furthermore, he will continue to be imprisoned for several months following the conclusion of any sentence this Honorable Court imposes awaiting deportation.

4. <u>The need "to provide the defendant with needed educational or vocational training."</u>

There is little question that Mr. Vieira could benefit from educational and training programs.  However, because of his alienage and mandatory deportation, he will be ineligible for many if not all BOP programs.

5. <u>The applicable category of offense under the Guidelines</u>.

Since the Guidelines are advisory only, and just one factor under § 3553(a), for purposes of argument the following could be taken into consideration based upon the evidence:

<u>Base Offense Level</u>

    USSG §2L2.1(a)                                       <u>11</u>

<u>Number of Documents</u>

    USSG §2L2.1(b)(2)        <u>+3</u> (6 through 24 docs.)

<u>Total Offense Level</u>                            14

<u>Adjustment for Acceptance of Responsibility     -2</u>

<u>Criminal History Category</u>           I


<u>Adjusted Base Offense Level</u>                         <u>12</u>

<u>Guideline Sentencing Range</u>             <u>10-16 months</u>

**Departures or Factors in Mitigation, aka Reasons for Variance from the Guidelines**

Now that the Court can consider any "reasonable" sentence under the guidance of § 3553(a) it can also consider factors in mitigation and "departures" from the Guidelines that were previously prohibited:

1. The fact that Mr. Vieira is subject to mandatory deportation. Mr. Vieira will forever be barred from the United States. Such punishment goes well beyond incarceration. Deportation will also likely take several months during which he will be detained following the Court's sentence. Post <u>Booker</u>, a person being subject to deportation is a mitigating factor under 3553(a) and is no longer a prohibited "departure" factor. Also, the court in <u>United States v. Bakeas</u>, 987 F. Supp. 44,48-49 (D.C. Mass. 1997) examined the issue of unequal treatment of foreigners by the BOP and noted that:

    > [C]ourts have found downward departure appropriate when a defendant's non-citizenship is more than collateral to his sentence but instead threatens to change the nature of the entire sentence. The D.C. Circuit has held that where a deportable alien's sentence would be more severe solely because of his alien status, a downward departure may be "proper." <u>United States v. Smith</u>, 307 U.S. App. D.C. 199, 27 F.3d 649, 655 (D.C. Cir. 1994).The Smith court suggested three conditions that would make such a departure reasonable: the

> increase in severity is "substantial," it is
> undeserved, and it would affect "a substantial portion"
> of the sentence. Id. All three of those conditions are
> presented here.

The Seventh Circuit has likewise held that...., the district court is "free to consider whether [the defendant's] status as a deportable alien has resulted in unusual or exceptional hardship in his conditions of confinement." United States v. Farouil, 124 F.3d 838 (7th Cir. 1997); United States v. Gonzalez-Portillo, 121 F.3d 1122, 1125 (7th Cir. 1997)("special status" of alienage may be an appropriate ground for departure if alien status is not "an inherent element of the crime").

2. Aberrant Behavior under USSG §5K2.2. This was clearly a matter of short duration, involving a single scheme where there was no significant planning on Mr. Vieira's part and which otherwise is a black mark on Mr. Vieira's young life.

3. Mr. Vieira's early admission (prior to indictment) rather than proceed with any criminal prosecution saved the government significant resources beyond that typically associated with "acceptance of responsibility."

4. Lastly, *the totality of circumstances* herein, even if any one of the above reasons alone would not provide sufficient grounds, would be a valid basis for

departure, <u>United States v. Iaconetti</u>, 59 F. Supp. 2d 139 (D.C. Mass 1999); <u>United States v.Parham</u>, 16 F.3d 844 (8th Cir.1994). <u>United States v. Fairless</u>, 975 F.2d 664, 667-68 (9th Cir.1992).

## CONCLUSION

Taking each of the above reasons into consideration, defendant, MOISES VIEIRA, respectfully requests this Honorable Court to sentence him to a term of **TIME SERVED**. Mr. Vieira would also respectfully ask the Court to find that he has **no ability to pay** fines or costs of incarceration or supervised release.

Date: November 15, 2005          Respectfully submitted,

                                 MOISES VIEIRA,
                                 By his attorney,

                                 *s/Victoria M. Bonilla*

                                 Victoria M. Bonilla (BBO #558750)
                                 Bourbeau and Bonilla
                                 77 Central St, 2nd Floor
                                 Boston, MA 02109
                                 (617) 350-6868

9